UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20223-ALTMAN

**ERVIN KEITH GILBERT**,

    *Plaintiff*,

*v.*

**ELEVENTH JUDICIAL CIRCUIT
COURT OF MIAMI-DADE COUNTY**, *et al.*,

    *Defendants*.
_____/

## **ORDER**

Our Plaintiff, Ervin Keith Gilbert, has filed a civil rights complaint under 42 U.S.C. § 1983,[1] seeking "monetary . . . and punitive damages" from the Eleventh Judicial Circuit Court (a state trial court), Attorney General Ashley Moody, State Attorney Katherine Fernandez Rundle, and Judge Christina Miranda for (among other things) "fraud," "false imprisonment," "abuse of process," and "malicious prosecution." Complaint [ECF No. 1] at 1. We now **DISMISS** Gilbert's Complaint because (1) the Defendants are absolutely immune from suit, and (2) to the extent they aren't, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Gilbert from seeking money damages against them.

---

[1] Gilbert doesn't refer to § 1983—or any other cause of action—in his Complaint. *See generally* Complaint. Still, consistent with our obligation to "look beyond the label of [a *pro se*] pleading[ ] to determine whether [it] is properly characterized," *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021), we construe the Complaint as asserting a claim under § 1983 because Gilbert alleges that the Defendants "deprived [him] of [rights] secured under the Constitution or federal law and . . . such deprivation[s] occurred under color of state law," *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998).

## THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). When screening a complaint under § 1915A, we must "tak[e] the allegations in the complaint as true." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

Although Gilbert's Complaint is mostly an incoherent mess, weighed down by conclusory statements and *non sequiturs*, we can make out one central allegation: The Defendants (Gilbert says) knowingly violated dozens of state and federal laws by maliciously and repeatedly prosecuting him in the years since 2011. *See* Complaint at 7 ("Almost 13 years unlawful detained, deprived of liberty . . . fraudulent filed information charging instrument (defect statutes); lack of jurisdiction over

Defendant[.]" (errors in original)); *see also id.* at 15–18 (enumerating every state and federal law the Defendants allegedly violated). But Gilbert cannot advance these claims in federal court because (1) the Defendants (all state-court judges or prosecutors) are absolutely immune from suit in the circumstances presented here, and (2) his convictions haven't been vacated or invalidated. *See* 28 U.S.C. § 1915A(b)(2) (requiring dismissal of any claim that "seeks monetary relief from a defendant who is immune from such relief").[2]

We'll start with Judge Miranda and the other judges of the Eleventh Judicial Circuit Court. "As a class, judges have long enjoyed a comparatively sweeping form of immunity . . . as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system or correcting judicial error." *Forrester v. White*, 484 U.S. 219, 225 (1988). Since judicial immunity "is not overcome by allegations of bad faith or malice," the plaintiff must show *either* that the judge's actions were "not taken in the judge's judicial capacity" (something Gilbert hasn't tried to do here) *or* that they were taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Gilbert says that, because the state court "lack[ed] subject matter jurisdiction" over him, judicial immunity shouldn't apply to his claims. Complaint at 1. But that isn't the right standard. A judge only acts in the "complete absence of jurisdiction" when "there is clearly no jurisdiction over the subject matter[.]" *Dykes v. Hosemann*, 743 F.2d 1488, 1495 (11th Cir. 1984) (cleaned up). That's

---

[2] Gilbert has already sued two of the Defendants, Judge Miranda and State Attorney Fernandez Rundle, alleging similar claims back in 2016. In that earlier case, U.S. District Judge Cecilia M. Altonaga dismissed Gilbert's complaint because "Gilbert's allegations concern actions taken by a judge and prosecutor—participants who enjoy immunity for actions performed within the scope of litigation." Order Adopting Report and Recommendation, *Gilbert v. State Att'y of the Eleventh Jud. Cir. of Fla.*, No. 16-CV-23391 (S.D. Fla. Sept. 1, 2016) (Altonaga, J.), ECF No. 10 at 3. Based on Judge Altonaga's rejection of Gilbert's (almost identical) claims, we think it's fair to say that his current (and mostly duplicative) complaint is—at least in part—malicious. *See Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("We agree with our sister Circuits that a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious[.]").

different from the situation Gilbert is describing—in which the judge *incorrectly* exercises jurisdiction—because "immunity applies even when the judge's acts are in error, malicious, or were in *excess* of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (emphasis added). Gilbert was charged in Florida's state circuit court with committing several felonies. *See generally* Complaint. And, under Florida law, circuit courts plainly have subject-matter jurisdiction over felony offenses. *See* FLA. STAT. § 26.012(2)(d) ("Circuit courts shall have exclusive original jurisdiction of all felonies[.]"). Gilbert thus seems to be wrong when he claims that the state circuit court lacked jurisdiction over his cases. In any event, even if Gilbert were right that the state court lacked jurisdiction over his cases, his claims would *still* fail because Judge Miranda would've acted *only* in "excess" of her jurisdiction. *See Dykes*, 743 F.2d at 1495 ("Illustrative of a clear lack of subject matter jurisdiction would be a situation where a probate judge, with jurisdiction only over wills and estates, would try a criminal case. . . . On the other hand, if a judge of a criminal court convicted a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." (citing *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978))); *see also, e.g.*, *Muhammad v. Bethel-Muhammad*, 2013 WL 5531395, at *3 (S.D. Ala. Oct. 7, 2013) (Steele, J.) ("Immunity is lost only by an utter, obvious lack of jurisdiction; if jurisdiction existed and Judge Armstrong merely exceeded that jurisdiction, he remains immune. Indeed, even if subject matter jurisdiction was actually lacking but the jurisdictional question is colorable, his immunity is unbroken."). Judge Miranda and the other state-court judges are therefore immune from Gilbert's claims.

State Attorney Fernandez Rundle and Attorney General Moody are likewise immune. "[P]rosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). This immunity applies even if a prosecutor knowingly acts in bad faith, such as when she "knowingly proffer[s] perjured testimony and fabricated exhibits at trial[.]" *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1279–80 (11th Cir. 2002); *see also Hart v. Hodges*,

4

587 F.3d 1288, 1296 (11th Cir. 2009) ("Prosecutors have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening ... further criminal prosecutions." (cleaned up)). Since Gilbert alleges that Fernandez Rundle and Moody prosecuted him "with fraud and false statement[s]" and "without lawful authority," Complaint at 3, his claims are barred by the doctrine of prosecutorial immunity because "the Florida Attorney General and the state prosecutors are entitled to prosecutorial immunity for conduct involved in initiating [Gilbert's] prosecution and in presenting the State's case," *Lumpkin v. Att'y Gen., Fla.*, 703 F. App'x 715, 717 (11th Cir. 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)).

One last thing: Even if the Defendants weren't immune, Gilbert still would've failed to state a viable claim against them because the doctrine the Supreme Court laid out in *Heck v. Humphrey* bars this suit. If a plaintiff wishes "to recover damages for [an] allegedly unconstitutional conviction or imprisonment," he's barred from suing under § 1983 unless he first shows that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Gilbert hasn't done that. In fact, we know that Gilbert's state-court convictions are still valid because Gilbert is currently contesting the legality of those convictions in a petition for writ of habeas corpus that's pending before our Court. *See* Petition, *Gilbert v. Eleventh Jud. Cir. of Miami-Dade Cnty.*, No. 24-cv-20218 (S.D. Fla. Jan. 17, 2024), ECF No. 1. Were we to rule in Gilbert's favor, in other words, we'd be agreeing that—in those still-pending convictions—he was convicted without "lawful authority." *Heck* thus plainly bars his claims. *See Heck*, 512 U.S. at 487 ("Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;

5

if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Since Gilbert must resolve his challenge to "the validity of [his] confinement or to particulars affecting its duration" in his habeas action *first*, he cannot seek money damages for those "illegal" convictions here. *Hill v. McDonough*, 547 U.S. 573, 579 (2006).

\* \* \*

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED** (1) because the Defendants are immune from suit, (2) because part of the Complaint is malicious, and (3) because the Complaint fails to state a claim upon which relief may be granted. All pending motions are **DENIED as moot**. All deadlines are **TERMINATED**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on January 22, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Ervin Keith Gilbert, *pro se*